UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

EVELISSE HERNANDEZ

CASE NO. 6:22-cr-84-PGB-LHP
18 U.S.C. § 1344
18 U.S.C. § 1028A

## INDICTMENT

The Grand Jury charges:

### COUNTS ONE THROUGH FOUR
(Bank Fraud)

#### A.  Introduction

At times material to this Indictment:

1. Mortgage Company 1 was a financial institution as defined by the Fraud Enforcement and Recovery Act of 2009, that is, an organization that financed and refinanced debt secured by an interest in real estate and with activities that affected interstate and foreign commerce. Mortgage Company 1 had offices in the Middle District of Florida and elsewhere.

2. It was the practice of many lending institutions, including Mortgage Company 1, to make loans secured by real property to borrowers or to refinance existing loans secured by real property. Such loans were typically called mortgages or mortgage loans. In determining whether to extend any such loan, it was the practice of Mortgage Company 1 to rely upon the information contained in a borrower's

mortgage-related documents, such as Form 1003, Uniform Residential Loan Application (referred to herein as the "loan application"), the Closing Disclosure, and the mortgage itself.

3. The loan application was relied on by mortgage lenders in the mortgage loan approval process. The loan application required the borrower to truthfully provide the mortgage lender with various types of information, including the borrower's place of employment, gross monthly income, source of closing costs and down payment, intended use of the property (such as investment or secondary residence), and the specific details of the anticipated real estate transaction.

4. When Mortgage Company 1 received a loan application, this typically triggered what was known in the mortgage industry as the "underwriting process." The primary purpose of the underwriting process was to determine the ability of the borrower to repay the mortgage loan being requested. During the underwriting process, Mortgage Company 1 considered a variety of factors in determining whether to issue a mortgage loan, including the borrower's sources of income, assets, and liabilities. Mortgage Company 1 considered the amount and source of a borrower's gross income to be an important factor in assessing the borrower's financial health and determining the borrower's ability to repay the mortgage loan.

5. Defendant **EVELISSE HERNANDEZ**, (hereinafter **"HERNANDEZ"**), was a resident of the Middle District of Florida. **HERNANDEZ** worked as a loan assistant, loan processor, and subsequently as a licensed loan

officer at Mortgage Company 1. **HERNANDEZ** also applied for and was approved for a mortgage loan from Mortgage Company 1 while employed there.

6. The Ninth Judicial Circuit Court of Florida was one of 20 judicial circuits in the State of Florida, and it served Orange and Osceola Counties. The domestic relations court of the Ninth Circuit heard civil cases involving dissolution of marriage.

7. A Final Judgment of Dissolution of Marriage was a legal document that contained the details of a divorce and the Court's divorce decision or that incorporated the marital settlement agreement. A Final Judgement of Dissolution of Marriage often contained the amount of monthly child support payments that one spouse was required to pay the other spouse.

8. The Florida Department of Revenue was a state agency responsible for collecting and distributing the monthly child support payments set forth in a Final Judgment of Dissolution of Marriage.

9. Bank 1 was a financial institution contracted by the Florida Department of Revenue to issue smiONE prepaid debit cards to Florida residents entitled to monthly child support payments. After the Florida Department of Revenue transferred a monthly child support payment, the individual payee used the debit card to withdraw funds.

10. A "means of identification," was any name or number that could be used, alone or in conjunction with any other information, to identify a specific individual, including any name, signature, social security number, date of birth,

3

official State or government issued driver's license or identification number, any unique electronic identification number, address or routing code, or any access device.

### B.  The Scheme and Artifice

11. From an unknown date, but at least as early as in or around January 2018, and continuing through in or around June 2019, in the Middle District of Florida, and elsewhere, the defendant,

**EVELISSE HERNANDEZ,**

and others, both known and unknown to the Grand Jury, did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud a financial institution, as defined in 18 U.S.C. § 20, and to obtain money, funds, credits, assets, and other property owned by, and under the custody and control of, the financial institution, by means of materially false and fraudulent pretenses, representations, and promises.

### C.  Manner and Means of the Scheme and Artifice

12. The manner and means by which **HERNANDEZ** and others sought to accomplish the scheme and artifice included, among others, the following:

   a. It was part of the scheme and artifice to defraud that **HERNANDEZ** and others would and did receive referrals from individuals they knew of potential borrowers who needed mortgage loans from Mortgage Company 1 to purchase or refinance residential real estate.

  b. It was further part of the scheme and artifice to defraud that **HERNANDEZ** and others would and did contact the borrowers who had been referred to them to obtain personal and financial information, including, but not limited to, monthly income and assets, which information was required to prepare and submit loan applications to Mortgage Company 1's underwriting department.

  c. It was further part of the scheme and artifice to defraud that **HERNANDEZ** would and did create false and fictitious Final Judgments of Dissolution of Marriage, purportedly issued by judges sitting in and for the Ninth Judicial Circuit Court of Florida in the names of buyers applying for mortgage loans, containing false monthly child support payments, or inflated monthly child support payments.

  d. It was further part of the scheme and artifice to defraud that **HERNANDEZ** would and did forge the signatures of various judges sitting in and for the Ninth Judicial Circuit Court of Florida on the fictitious Final Judgments of Dissolution of Marriage that she created.

  e. It was further part of the scheme and artifice to defraud that **HERNANDEZ** would and did create fictitious Florida Department of Revenue statements falsely showing that borrowers received the false or inflated monthly child support payments.

  f. It was further part of the scheme and artifice to defraud that **HERNANDEZ** would and did create fictitious prepaid debit card statements falsely

showing that borrowers withdrew the false or inflated monthly child support payments.

  g. It was further part of the scheme and artifice to defraud that **HERNANDEZ** and others would and did prepare and cause to be prepared loan applications containing the false and fraudulent monthly child support income.

  h. It was further part of the scheme and artifice to defraud that **HERNANDEZ** and others would and did submit, and cause to be submitted, loan applications containing the false and fraudulent monthly child support income to Mortgage Company 1's underwriting department.

  i. It was further part of the scheme and artifice to defraud that **HERNANDEZ** and others would and did submit, and caused to be submitted, fictitious Final Judgments of Dissolution of Marriage, Florida Department of Revenue monthly child support payment statements, and smiONE debit card statements containing the false or inflated child monthly child support amount in support of the false and fraudulent mortgage loan applications to Mortgage Company 1's underwriting department.

  j. It was further part of the scheme and artifice to defraud that **HERNANDEZ** and others received, and were entitled to receive, a financial commission from Mortgage Company 1 for each borrower's loan that was approved and issued by Mortgage Company 1.

k.  It was further part of the scheme and artifice to defraud that **HERNANDEZ** submitted and caused to be submitted fictitious Final Judgments of Dissolution of Marriage, Florida Department of Revenue statements and smiOne statements to Mortgage Company 1 in support of a loan application for which she was the borrower.

k.  It was further part of the scheme and artifice to defraud that **HERNANDEZ** would and did perform acts and make statements to promote the scheme and artifice to defraud.

l.  It was further part of the scheme and artifice to defraud that **HERNANDEZ** would and did misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purpose of acts performed and statements made in furtherance of the scheme to defraud.

### D.  Execution of the Scheme and Artifice

12.  On or about the dates set forth below in each Count, in the Middle District of Florida, and elsewhere, the defendant,

**EVELISSE HERNANDEZ,**

aided and abetted by others, and for the purpose of knowingly, willfully, and with intent to defraud executing, and attempting to execute, the aforementioned scheme and artifice to defraud Mortgage Company 1, a financial institution as defined in 18 U.S.C. § 20, and to obtain money, funds, credits, assets, and other property owned by and under the custody and control of a financial institution, by means of

materially false and fraudulent pretenses, representations, and promises, did cause the following transfers of mortgage loan funds to be made by Mortgage Company 1:

| Count | Loan Closing Date | Approximate Loan Amount | Property |
|---|---|---|---|
| ONE | 4-18-2018 | $235,653.00 | 3xx0 Dasha Palm Dr. Kissimmee, FL |
| TWO | 5-22-2019 | $281,143.00 | 2xx5 Mosshire Circle Saint Cloud, FL |
| THREE | 3-22-2019 | $218,400.00 | 10xx4 Doriath Circle Orlando, FL |
| FOUR | 6-20-2019 | $184,000.00 | xx1 Vaquero Lane Kissimmee, FL |

All in violation of 18 U.S.C. §§ 1344 and 2.

## COUNT FIVE
### (Aggravated Identity Theft)

1. The allegations contained in Sections A and C of Counts One through Four of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2. In or around March 2018, in the Middle District of Florida and elsewhere, the defendant,

**EVELISSE HERNANDEZ,**

did knowingly possess and use, without lawful authority, a means of identification of another person, specifically, the name and signature of Judge P.D., sitting in and for the Circuit Court of the Ninth Judicial Circuit of Florida in and for Osceola County, during and in relation to the felony offense of bank fraud, in violation of 18 U.S.C.

§ 1344, as charged in Count One of this Indictment, knowing that such means of identification belonged to an actual person.

In violation of 18 U.S.C. §§ 1028A and 2.

## COUNT SIX
### (Aggravated Identity Theft)

1.    The allegations contained in Sections A and C of Counts One through Four of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2.    In or around March 2019, in the Middle District of Florida and elsewhere, the defendant,

**EVELISSE HERNANDEZ,**

did knowingly possess and use, without lawful authority, a means of identification of another person, specifically, the name and signature of Judge P.D., sitting in and for the Circuit Court of the Ninth Judicial Circuit of Florida in and for Osceola County, during and in relation to the felony offense of bank fraud, in violation of 18 U.S.C. § 1344, as charged in Count Two of this Indictment, knowing that such means of identification belonged to an actual person.

In violation of 18 U.S.C. §§ 1028A and 2.

## COUNT SEVEN
### (Aggravated Identity Theft)

1. The allegations contained in Sections A and C of Counts One through Four of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2. In or around February 2019, in the Middle District of Florida and elsewhere, the defendant,

**EVELISSE HERNANDEZ,**

did knowingly possess and use, without lawful authority, a means of identification of another person, specifically, the name and signature of Judge P.D., sitting in and for the Circuit Court of the Ninth Judicial Circuit of Florida in and for Osceola County, during and in relation to the felony offense of bank fraud, in violation of 18 U.S.C. § 1344, as charged in Count Three of this Indictment, knowing that such means of identification belonged to an actual person.

In violation of 18 U.S.C. §§ 1028A and 2.

## COUNT EIGHT
### (Aggravated Identity Theft)

1. The allegations contained in Sections A and C of Counts One through Four of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2. In or around March 2019, in the Middle District of Florida and elsewhere, the defendant,

## EVELISSE HERNANDEZ

did knowingly possess and use, without lawful authority, a means of identification of another person, specifically, the name and signature of Judge P.D., sitting in and for the Circuit Court of the Ninth Judicial Circuit of Florida in and for Osceola County, during and in relation to the felony offense of bank fraud, in violation of 18 U.S.C. § 1344, as charged in Count Four of this Indictment, knowing that such means of identification belonged to an actual person.

In violation of 18 U.S.C. §§ 1028A and 2.

## **FORFEITURES**

1.  The allegations contained in Counts One through Four are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 982(a)(2)(A).

2.  Upon conviction of a violation of 18 U.S.C. § 1344, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation.

3.  The property to be forfeited includes, but is not limited to, the following: an order of forfeiture in the amount of at least $130,000.00, representing the amount of proceeds obtained as a result of the offenses charged in Counts One through Four.

4.  If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

A TRUE BILL,

_[signature redacted]_

Foreperson

ROGER B. HANDBERG
United States Attorney

By: _[signature]_

Christopher Poor
Special Assistant United States Attorney

By: _[signature]_

Chauncey A. Bratt
Assistant United States Attorney
Deputy Chief, Orlando Division

FORM OBD-34
May 22

No. 2019R02363

# UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

EVELISSE HERNANDEZ

## INDICTMENT

Violations: 18 U.S.C. §§ 1344, 1028A

A true bill,

_____
Foreperson

Filed in open court this 18 day of May 2022.

_____
Clerk

Bail $_____

GPO 863 525